UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
TERWIN ADVISORS LLC, and TERWIN : No. 1:07-cv-3647 (JGK) (AGP)
WAREHOUSE MANAGEMENT LLC, as Program :
Administrator for and Assignee of TERWIN : MEMORANDUM OF LAW IN
MORTGAGE WAREHOUSE TRUST II, SERIES : SUPPORT OF PLAINTIFFS'
LVIII, : APPLICATION FOR ENTRY OF
: DEFAULT JUDGMENT
                Plaintiffs, :
:
vs. :
:
SILVER STATE FINANCIAL SERVICES, INC., :
MICHAEL STODDART, and LYNN WOODRUM, :
:
                Defendants. :
------------------------------------- x

Plaintiffs Terwin Advisors LLC ("Terwin Advisors") and Terwin Warehouse Management LLC ("Terwin Warehouse") as Program Administrator for and Assignee of Terwin Mortgage Warehouse Trust II, Series LVIII, a series of Terwin Mortgage Warehouse Trust II (the "Trust") in accordance with Magistrate Judge Peck's July 31, 2007 Order respectfully submits this memorandum of law in support of their application for entry of default judgment.

I. **INTRODUCTION**

The Court should enter judgment in favor of Terwin Warehouse and Terwin Advisors and against Silver States, Michael Stoddart and Lynn Woodrum. Judge Koeltl has already ordered that defendants are in default and plaintiffs are entitled to entry of default judgments. Plaintiffs' damages are liquidated, ascertainable and clearly explained in the Declaration of Gerald Casey in Support of Entry of Default Judgment (the "Casey Decl.") that is being filed contemporaneously herewith.

II. **BACKGROUND**

As set forth more fully in plaintiffs' May 8, 2007 Complaint (the "Complaint" attached to

the August 14, 2007 Declaration of Matthew J. Borger (the "Borger Decl.") as Ex. 1), plaintiff Terwin Advisors is in the business of, among other things, purchasing, selling, and securitizing mortgage loans. Plaintiff Terwin Warehouse is in the business of, among other things, purchasing, selling and lending with respect to mortgage loans. Complaint, ¶¶ 1, 2.

Defendant Silver State was, until recently, an originator of mortgage loans located outside of Las Vegas, Nevada. Defendant Michael Stoddart is Silver State's President. Defendant Lynn Woodrum is Silver State's Secretary and Treasurer. Complaint, ¶¶ 6-8.

On March 1, 2004, Terwin Advisors as Purchaser and Silver State as Seller and Servicer entered into that certain Seller's Purchase, Warranties and Interim Servicing Agreement (as amended, the "Terwin Advisors Purchasing Agreement" attached to the Casey Decl. as Ex. 4). Pursuant to the Terwin Advisors Purchase Agreement, Silver State contracted to sell to Terwin Advisors certain mortgage loans subject to the terms and conditions in the Terwin Advisors Purchase Agreement and to service those mortgage loans. Complaint, ¶ 12.

On October 12, 2006, Terwin Warehouse as Program Administrator, the Trust as Purchaser and Silver State as Seller and Servicer entered into that certain Seller's Purchase, Warranties and Servicing Agreement (the "Terwin Warehouse Purchase Agreement" attached to the Casey Decl. as Ex. 1). Complaint, ¶ 14. Pursuant to the Terwin Warehouse Purchase Agreement, the Trust agreed to purchase, and Silver State agreed to sell, certain mortgage loans. In addition, pursuant to the Terwin Warehouse Purchase Agreement, Silver State agreed to interim service the mortgage loans the Trust purchased. Complaint, ¶ 15.

In connection with the Terwin Warehouse Purchase Agreement, Silver State's principals Stoddart and Woodrum personally guaranteed Silver State's obligations under the contract. Complaint, ¶¶ 16-21. A true and correct copy of the Stoddart Guaranty and the Woodrum Guaranty are attached to the Casey Decl. as Exhibits 2 and 3, respectively.

PHIL1 747182-1

In February 2007, Silver State informed Terwin Warehouse that it was having financial problems, was unable to pay its debts as they became due and that it intended to shut its doors and go out of business. Complaint, ¶ 23. Silver State did, in fact, go out of business on or about February 14, 2007. Complaint, ¶ 24.

### III. PROCEDURAL HISTORY

Plaintiffs Terwin Warehouse and Terwin Advisors commenced this action by filing their Complaint against Silver State, Stoddart and Woodrum on May 8, 2007. Borger Decl., Ex. 1. Defendants failed to respond to the Complaint.

The Clerk's office issued Certificates of Default by Silver State on June 27, 2007, by Mr. Stoddart on June 29, 2007 and by Mr. Woodrum on June 29, 2007. Judge Koeltl issued an Order to Show Cause for Default Judgment against defendants Silver State, Stoddart and Woodrum on July 18, 2007. Docket Entry 5. Pursuant to the Order to Show Cause, defendants were directed to show cause on or before July 30, 2007 why default judgment should not be entered pursuant to Fed. R. Civ. P. 55. *Id.* Defendants did not respond to the Order to Show Cause and did not appear at the hearing before Judge Koeltl on July 30, 2007.

As a result, on July 31, 2007, Judge Koeltl issued an Order holding Terwin Warehouse and Terwin Advisors are entitled to a default judgment against defendants Silver State, Stoddart and Woodrum and referring the matter to Judge Peck for an inquest on damages. Borger Decl., Ex. 2.

### IV. ARGUMENT

"Where, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Trustees of the Retirement Fund of the Amalgamated Insurance Fund v. Lopal Securities, Inc.*, 2007 WL 1576259 (S.D.N.Y. June 1, 2007) (Peck, M.J.) (*quoting Chen v. Jenna Lane, Inc.*, 30

F. Supp.2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.).

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" *Amalgamated Ins. Fund*, 2007 WL 1576529, *1 (*quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

In this case, the Casey Declaration more than adequately sets forth the basis for entry of default against defendants Silver State, Michael Stoddart and Lynn Woodrum. Plaintiffs' damages are liquidated and calculable and default judgments should be entered.

### A. The Court Should Enter Judgment In Favor Of Terwin Warehouse And Against Silver State In The Amount Of $1,017,563.47

As set forth more fully in Count I of the Complaint and the Casey Declaration, Silver State is in breach of the Terwin Warehouse Purchase Agreement. Casey Decl., ¶¶ 15-17. After Silver State breached the Terwin Warehouse Purchase Agreement and went out of business, Terwin Warehouse sold the Silver State mortgage loans off the warehouse line. Casey Decl., ¶¶ 32-33.

Every Silver State mortgage loan that is at issue in Terwin Warehouse's claim against Silver State is set forth in Exhibit 5 to the Casey Declaration. That spreadsheet identifies each loan by Terwin Loan Number, Silver State Loan Number and Borrower's Last Name. Casey Decl., ¶ 34; Ex. 5. The spreadsheet identifies the date on which and the price for which Terwin Warehouse purchased the various mortgage loans from Silver State. The spreadsheet also identifies the date on which and the price for which Terwin Warehouse sold each mortgage loan. *Id.*

Exhibit 5 to the Casey Declaration clearly sets forth the amount of interest and fees Silver

State owes for each loan as well as the shortfall difference between the amount Terwin Warehouse paid Silver State for the loan and the amount for which Terwin Warehouse sold the mortgage. Thus, Exhibit 5 to the Casey Declaration clearly identifies the principle amount Silver State owes Terwin Warehouse for each mortgage loan subject to Count I of the Complaint. Terwin Warehouse is entitled to recovery of the principle amount of $956,034.63.

In addition, Terwin Warehouse is entitled to prejudgment simple interest at the rate of 9% from the date each of the Terwin Warehouse mortgages was sold. N.Y. C.P.L.R. §§ 5001, 5004; *Pacific Westeel, Inc. v. D & R Installation*, 2003 WL 22359512 (S.D.N.Y. October 17, 2003) (Peck, M.J.) ("Under New York Law, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract . . ." New York's statutory prejudgment interest rate is nine percent per annum.") (*quoting* N.Y. C.P.L.R. § 5001(a)). The Casey Declaration contains a computation of prejudgment interest through August 14, 2007 – the date hereof. As set forth on Exhibit 5 to the Casey Declaration, Terwin Warehouse is entitled to entry of judgment in its favor and against Silver State for prejudgment interest in the amount of $51,268.88.

Finally, pursuant to Section 3.07 of the Terwin Warehouse Purchase Agreement, Terwin Warehouse is entitled to recovery of its attorneys' fees and costs in prosecuting this action. As shown by the invoices attached to the Borger Declaration as Exhibit 3, Terwin Warehouse has incurred reasonable attorneys' fees and costs in prosecuting this action in the amount of $10,259.96.

In total, Terwin Warehouse is entitled to entry of judgment in its favor and against Silver State in the amount of $1,017,563.47.

### B. The Court Should Enter Judgment In Favor Of Terwin Warehouse And Against Michael Stoddart In The Amount Of $1,017,563.47

As set forth more fully in Count II of the Complaint and the Casey Declaration, defendant

Michael Stoddart, Silver State's President, unconditionally and irrevocably guaranteed in an unlimited amount payment of all of Silver States' obligations under the Terwin Warehouse Purchase Agreement. Casey Decl., ¶ 38; Ex. 2. As such, Terwin Warehouse is entitled to entry of judgment in its favor and against Michael Stoddart in the amount of $1,017,563.47.

### C. The Court Should Enter Judgment In Favor Of Terwin Warehouse And Against Lynn Woodrum In The Amount Of $1,017,563.47

As set forth more fully in Count III of the Complaint and the Casey Declaration, defendant Lynn Woodrum, Silver State's Secretary and Treasurer, unconditionally and irrevocably guaranteed in an unlimited amount payment of all of Silver States' obligations under the Terwin Warehouse Purchase Agreement. Casey Decl., ¶ 39; Ex. 3. As such, Terwin Warehouse is entitled to entry of judgment in its favor and against Lynn Woodrum in the amount of $1,017,563.47.

### D. The Court Should Enter Judgment In Favor Of Terwin Advisors And Against Silver State In The Amount Of $4,417,448.97

As set forth more fully in Court IV of the Complaint and the Casey Declaration, Silver State also breached the Terwin Advisors Purchase Agreement. *See* Casey Decl., ¶¶ 20-28. First, Silver State breached its obligation to repurchase mortgage loans subject to an Early Payment Default. *See* Casey Decl., ¶¶ 20-23.

Pursuant to Section 3.05 of the Terwin Advisors Purchase Agreement, Silver State was obligated to buy any mortgage loan back from Terwin Advisors that became subject to an Early Payment Default. Despite written demand, Silver State breached its obligation to repurchase the Early Payment Default loans. Complaint, ¶ 32.

Exhibit 6 to the Casey Declaration identifies the damages Terwin Advisors has suffered as a result of Silver State's Early Payment Default breach. Again, Exhibit 6 identifies each mortgage loan at issue by Terwin Loan Number, Silver State Loan Number and Borrower's Last

Name. Casey Decl., Ex. 6. Exhibit 6 identifies the total repurchase amount that is due and owing from Silver State as of August 13, 2007 – $2,898,447.19.

The Casey Declaration also identifies the amount of damages Terwin Advisors has suffered for mortgages that were subject to Early Payment Defaults but were sold or liquidated by Terwin Advisors. *See* Casey Decl., ¶¶ 47-52. Pursuant to Section 8.01 of the Terwin Advisors Purchase Agreement, Silver State is obligated to make Terwin Advisors whole for any loss Terwin Advisors suffers after selling or liquidating these Early Payment Default mortgages. Casey Decl., ¶ 48. Again, Exhibit 6 to the Casey Declaration identifies the mortgages that were traded and liquidated by Terwin Loan Number, Silver State Loan Number and Borrower's Last Name. Casey Decl., Ex. 6. Exhibit 6 identifies each mortgage's purchase price and sales price as well as the amount due and owing from Silver State. In total, Silver State owes Terwin Advisors $1,458,685.41 in principle amount for Early Payment Default mortgage loans that were traded and prejudgment interest in the amount of $39,273.82 as well as $5,030.67 for the Odedo Early Payment Default mortgage loan that was liquidated.

Finally, as set forth more fully in the Complaint and the Casey Declaration, Silver State breached Section 3.06 of the Terwin Advisors Purchase Agreement by failing to provide the applicable Purchase Price Protection. Casey Decl., ¶¶ 53-55. These are mortgages for which Terwin Advisors paid a premium. The mortgages were prepaid in full before Terwin Advisors was able to recoup the premium it paid. Pursuant to Section 3.06 of the Terwin Advisors Purchase Agreement, Silver State was obligated to provide Purchase Price Protection to Terwin Advisors. *Id.*

Again, Exhibit 6 to the Casey Declaration identifies the mortgages at issue in Terwin Advisors Premium Recapture claim by Terwin Loan Number, Silver State Loan Number, and Borrower's Last Name. Casey Decl., Ex. 6. Exhibit 6 to the Casey Declaration sets forth the

amount Silver State owes Terwin Advisors for its breach of Section 3.06 of the Terwin Advisors Purchase Agreement. The principle amount of Terwin Advisors' damages is $5,520.29 plus prejudgment interest at 9% in the amount of $231.63.

Finally, pursuant to Section 8.01 of the Terwin Advisors Purchase Agreement, Terwin Advisors is entitled to attorneys' fees and costs in prosecuting this action. As shown by the invoices attached to the Borger Declaration as Exhibit 3, Terwin Advisors has incurred reasonable attorneys' fees and costs in prosecuting this action in the amount of $10,259.96.

Altogether, Terwin Advisors is entitled to entry of judgment against Silver State as follows:

| | |
|---|---|
| Early Payment Default Mortgages | $2,898,447.19 |
| Early Payment Default Mortgages Sold | $1,497,959.23 |
| Early Payment Default Mortgage Liquidated | $     5,751.92 |
| Attorneys' Fees And Costs (Borger Decl. Ex. 3) | $   10,259.96 |
| Total | $4,417,448.97 |

## V. CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court (i) enter judgment in favor of Terwin Warehouse Management LLC and against Silver State Financial Services, Inc. in the amount of $1,017,563.47; (ii) enter judgment in favor of Terwin Warehouse Management LLC and against Michael Stoddart in the amount of $1,017,563.47; (iii) enter judgment in favor of Terwin Warehouse Management LLC and against Lynn Woodrum in the amount of $1,017,563,47; (iv) enter judgment in favor of Terwin Advisors LLC and against Silver State Financial Services, Inc. in the amount of $4,417,448.97; and (v) grant such other and further relief as the Court deems just.

Dated: August 14, 2007

           KLEHR, HARRISON, HARVEY,
           BRANZBURG & ELLERS LLP

           _____
           Matthew J. Borger (MB 7898)
           260 South Broad Street, 4th Floor
           Philadelphia, PA 19102
           Tel.: 215-568-6060
           Fax: 215-568-6603
           Attorneys for Plaintiffs