UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

TERWIN ADVISORS LLC, and TERWIN        :  **No. 1:07-cv-3647 (JGK) (AJP)**
WAREHOUSE MANAGEMENT LLC, as Program   :
Administrator for and Assignee of TERWIN :  **DECLARATION OF MATTHEW J.**
MORTGAGE WAREHOUSE TRUST II, SERIES    :  **BORGER IN SUPPORT OF ENTRY**
LVIII,                                 :  **OF DEFAULT JUDGMENT**
                                       :  **AGAINST DEFENDANTS SILVER**
                    Plaintiffs,        :  **STATE FINANCIAL SERVICES,**
                                       :  **INC., MICHAEL STODDART AND**
        vs.                            :  **LYNN WOODRUM**
                                       :
SILVER STATE FINANCIAL SERVICES, INC.,  :
MICHAEL STODDART, and LYNN WOODRUM,     :
                                       :
                    Defendants.        :

------------------------------------ x

        I, Matthew J. Borger am a partner with Klehr, Harrison, Harvey, Branzburg & Ellers

LLP, counsel to plaintiffs Terwin Advisors LLC ("Terwin Advisors") and Terwin Warehouse

Management LLC ("Terwin Warehouse"). I submit this Declaration in support of plaintiffs'

application for default judgment and in connection with Magistrate Judge Peck's inquest on

damages in the above-captioned case. If called upon, I could and would competently testify to

the following facts based upon my personal knowledge:

        1.      Attached hereto as Exhibit 1 is a true and correct copy of the Complaint filed May

8, 2007 in this matter.

        2.      Attached hereto as Exhibit 2 is a true and correct copy of Judge Koeltl's July 31,

2007 Order stating plaintiffs are entitled to default judgment and referring the matter to

Magistrate Judge Peck for an inquest on damages.

        3.      Attached hereto as Exhibit 3 is a true and correct copy of Klehr Harrison's

invoices for legal services rendered and costs incurred in prosecuting this action redacted to

protect attorney-client privileged information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Philadelphia, Pennsylvania
      August 14, 2007

                              KLEHR, HARRISON, HARVEY,
                              BRANZBURG & ELLERS

                              Matthew J. Borger
                              260 South Broad Street, 4th Floor
                              Philadelphia, PA  19102
                              Tel.:  215-568-6060
                              Fax:  215-568-6603
                              Attorneys for Plaintiffs

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERWIN ADVISORS LLC, and TERWIN
WAREHOUSE MANAGEMENT LLC, as Program
Administrator for and Assignee of TERWIN
MORTGAGE WAREHOUSE TRUST II, SERIES
LVIII,

        Plaintiffs,

  vs.

SILVER STATE FINANCIAL SERVICES, INC.,
MICHAEL STODDART, and LYNN WOODRUM,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: No._____

: **COMPLAINT**



JUDGE KOELTL

07 CV 3647

Plaintiffs, Terwin Advisors LLC ("Terwin Advisors") and Terwin Warehouse Management LLC ("Terwin Warehouse") as Program Administrator for and Assignee of Terwin Mortgage Warehouse Trust II, Series LVIII, a series of Terwin Mortgage Warehouse Trust II (the "Trust"), by their attorneys, for their complaint, aver as follows:

## THE PARTIES

1. Plaintiff, Terwin Advisors is a Delaware limited liability company with its principal place of business at 45 Rockefeller Plaza, Suite 420, New York, New York. Terwin Advisors is in the business of, inter alia, purchasing, selling and securitizing mortgage loans.

2. Plaintiff, Terwin Warehouse is a Delaware limited liability company with its principal place of business at 45 Rockefeller Plaza, Suite 420, New York, New York. Terwin Warehouse is in the business of, inter alia, purchasing, selling and lending with respect to mortgage loans.

3. Terwin Advisors and Terwin Warehouse are each a citizen of New York, New Jersey, California and Delaware for purposes of 28 U.S.C. § 1332.

4.    Terwin Warehouse's sole member is Terwin Asset Management LLC ("TAM"), a limited liability company.  The members of TAM are Terwin Employees LLC ("Employees") and Terwin Holdings LLC ("Holdings"), which are also limited liability companies.  The members of Employees are 13 natural persons, seven of whom are citizens of New York, five of whom are citizens of New Jersey and one of whom is a citizen of California.  The members of Holdings are Employees and Shinsei Capital (USA) Limited, a Delaware corporation with its principal place of business in New York.

5.    Terwin Advisors' sole member is Holdings.  The members of Holdings are described in the preceding paragraph.

6.    Defendant, Silver State Financial Services, Inc. ("Silver State") is a Nevada corporation with its principal place of business at 2920 N. Green Valley Parkway 424, Henderson, Nevada.  Silver State was in the business of, inter alia, originating and selling mortgage loans.

7.    Upon information and belief, Defendant Michael Stoddart is a Nevada resident with an address of 211 Wanda Road, Henderson, Nevada.  Mr. Stoddart is President of Silver State.

8.    Upon information and belief, Defendant Lynn Woodrum is a Nevada resident with an address of 7 Larkside Court, Henderson, Nevada.  Mr. Woodrum is Secretary and Treasurer of Silver State.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum of $75,000 exclusive of interests and costs, and is between citizens of different states.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the

defendants agreed to exclusive venue in this Court and, in the alternative, because a substantial part of the events and omissions giving rise to the claims in this action occurred in this District.

11.    Defendants are subject to personal jurisdiction in this District because they consented to exclusive jurisdiction in this District and, in the alternative, because they transacted business in the State of New York and contracted to supply goods or services in the state of New York.

**FACTS COMMON TO ALL CLAIMS**

**The Terwin Advisors Purchase Agreement,**
**The Terwin Warehouse Purchase Agreement And The Guaranties**

12.    On or about March 1, 2004, Terwin Advisors as Purchaser and Silver State as Seller and Servicer entered into that certain Seller's Purchase, Warranties and Interim Servicing Agreement (as amended, the "Terwin Advisors Purchase Agreement"). Pursuant to the Terwin Advisors Purchase Agreement, Silver State contracted to sell to Terwin Advisors certain mortgage loans subject to the terms and conditions in the Terwin Advisors Purchase Agreement and to service those mortgage loans.

13.    Pursuant to the Terwin Advisors Purchase Agreement, Terwin Advisors agreed to purchase, and Silver State agreed to sell, certain mortgage loans. In addition, pursuant to the Terwin Advisors Purchase Agreement, Silver State agreed to interim service the mortgage loans Terwin Advisors purchased. On and after March 1, 2004, Terwin Advisors did purchase a substantial number of mortgage loans from Silver State pursuant to the Terwin Advisors Purchase Agreement. Terwin Advisors has fully performed all its obligations under and relating to the Terwin Advisors Purchase Agreement.

14.    On or about October 12, 2006, Terwin Warehouse as Program Administrator, the Trust as Purchaser and Silver State as Seller and Servicer entered into that certain Seller's Purchase, Warranties and Servicing Agreement (the "Terwin Warehouse Purchase Agreement").

-3-

15.    The Terwin Warehouse Purchase Agreement provides in Section 1.01, that "[t]he duties, rights and obligations of the Purchaser [the Trust] hereunder shall from time to time be performed or enforced, as applicable, by the Program Administrator [Terwin Warehouse] . . . ." Accordingly, Terwin Warehouse brings its claims in this action as Program Administrator and assignee of the Trust's claims against Silver State to enforce the rights of the Trust against Silver State. Such assignment is expressly permitted by Section 13.12 of the Terwin Warehouse Purchase Agreement.

16.    Pursuant to the Terwin Warehouse Purchase Agreement, the Trust agreed to purchase, and Silver State agreed to sell, certain mortgage loans. In addition, pursuant to the Terwin Warehouse Purchase Agreement, Silver State agreed to interim service the mortgage loans the Trust purchased.

17.    In connection with the Terwin Warehouse Purchase Agreement, Silver State's principals Stoddart and Woodrum personally guaranteed Silver State's obligations under the contract.

18.    Specifically, on or about October 12, 2006, Defendant Stoddart and the Trust entered into that certain guaranty (the "Stoddart Guaranty").

19.    Pursuant to the Stoddart Guaranty, Stoddart promised to unconditionally and irrevocably guarantee to the Trust in an unlimited amount the due and punctual payment and/or performance of all of Silver States' obligations under the Terwin Warehouse Purchase Agreement.

20.    Further, on or about October 12, 2006, Defendant Woodrum and the Trust entered into that certain guaranty (the "Woodrum Guaranty").

21.    Pursuant to Section 1.1 of the Woodrum Guaranty, Defendant Woodrum promised to unconditionally and irrevocably guarantee to the Trust in an unlimited amount the

-4-

due and punctual payment and/or performance of all of Silver State's obligations under the Terwin Warehouse Purchase Agreement.

22.    On and after October 12, 2006, the Trust did purchase a substantial number of mortgage loans from Silver State pursuant to the Terwin Warehouse Purchase Agreement. The Trust and Terwin Warehouse have fully performed all their obligations under and relating to the Terwin Warehouse Purchase Agreement.

**Silver State Goes Out Of Business**
**And The Defendants Breach Their Contracts With Terwin**

23.    In February 2007, Silver State informed Terwin Warehouse that it was having financial problems, was unable to pay its debts as they became due and that it intended to shut its doors and go out of business.

24.    Silver State did, in fact, go out of business on or about February 14, 2007.

25.    Pursuant to Section 7.02(xii) of the Terwin Warehouse Purchase Agreement, an Event of Default shall have occurred if any Material Adverse Effect occurs. Pursuant to the terms of the Terwin Warehouse Purchase Agreement, a Material Adverse Effect is deemed to have occurred when any other event occurs which could have a material adverse effect upon the validity, performance or enforceability of the Terwin Warehouse Purchase Agreement, or upon the properties, business or condition, financial or otherwise of Silver State.

26.    Silver States' financial collapse constitutes an Event of Default under the Terwin Warehouse Purchase Agreement.

27.    By letter dated February 15, 2007, Terwin Warehouse provided Silver State with Notice of its Default of the Terwin Warehouse Purchase Agreement.

28.    Silver State has breached the Terwin Advisors Purchase Agreement as well.

29.    Pursuant to Section 3.05 of the Terwin Advisors Purchase Agreement, Silver State contracted to repurchase any mortgage loan (the "Repurchase Obligation") if (a) a

mortgagor was thirty (30) days or more delinquent with respect to any of the first three (3) monthly payments due on the related mortgage loan immediately following the date Terwin Advisors purchased the mortgage loan or (b) a mortgage loan was in bankruptcy or litigation within the first three (3) months immediately following the date Terwin Advisors purchased the mortgage loan (collectively an "Early Payment Default").

30.    In fact, a number of mortgage loans Terwin Advisors purchased from Silver State were subject to Early Payment Default pursuant to Section 3.05 of the Terwin Advisors Purchase Agreement.

31.    Terwin Advisors provided written notice to Silver State of the Early Payment Defaults and demanded that Silver State satisfy its Repurchase Obligation pursuant to Section 3.05 of the Terwin Advisors Purchase Agreement.

32.    Despite such written demand, Silver State has not repurchased the Early Payment Default mortgage loans.  Silver State's failure to repurchase the Early Payment Default mortgage loans constitutes a breach of the Terwin Advisors Purchase Agreement.

33.    Silver State has also breached the Terwin Advisors Purchase Agreement by failing to compensate Terwin Advisors for mortgage loans that were fully paid off early.

34.    More specifically, pursuant to Section 3.06 of the Terwin Advisors Purchase Agreement, Silver State contracted to provide certain purchase price protection (the "Purchase Price Protection") to Terwin Advisors in the event any first lien mortgage loan prepaid in full at any time prior to the fourth payment due date immediately following the date Terwin Advisors purchased such mortgage loan and/or with respect to any second lien mortgage loan in the event such mortgage loan prepaid in full during the twelve (12) month period from and after the date Terwin Advisors purchased such mortgage loan (collectively, "Early Payment In Full").

35.    Pursuant to Section 3.06 of the Terwin Advisors Purchase Agreement, in the

event of an Early Prepayment In Full, Silver State contracted to reimburse Terwin Advisors the Purchase Price Protection pursuant to a formula set forth in Section 3.06 of the Terwin Advisors Purchase Agreement.

36.     In fact, a number of mortgage loans Terwin Advisors purchased from Silver State were subject to Early Payment In Full.

37.     Silver State has not reimbursed Terwin Advisors the Purchase Price Protection for the Early Payment In Full mortgage loans as required by the Terwin Advisors Purchase Agreement. Silver State's failure to reimburse Terwin Advisors the Purchase Price Protection for the Early Payment In Full mortgage loans constitutes a breach of the Terwin Advisors Purchase Agreement.

## COUNT I – BREACH OF CONTRACT
## TERWIN WAREHOUSE AGAINST SILVER STATE

38.     Plaintiffs incorporate herein by reference the foregoing paragraphs of this Complaint as if fully set forth at length herein.

39.     Silver State has materially breached the Terwin Warehouse Purchase Agreement.

40.     As a result, Terwin Warehouse has suffered damages in an amount in excess of $956,034.63.

41.     In addition, Silver State is contractually obligated to pay Terwin Warehouse its reasonable attorneys' fees and costs associated with prosecuting this action.

42.     All conditions precedent to Terwin Warehouse's right to recover from Silver State the amounts due and owing have been performed or have occurred.

WHEREFORE, Terwin Warehouse respectfully demands judgment in its favor and against Silver State in an amount in excess of $956,034.63 plus attorneys' fees, costs, interest and such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## TERWIN WAREHOUSE AGAINST STODDART

43.    Plaintiffs incorporate herein by reference the foregoing paragraphs of this Complaint as if fully set forth at length herein.

44.    Stoddart has materially breached the Stoddart Guaranty.

45.    As a result, Terwin Warehouse has suffered damages in an amount in excess of $956,034.63.

46.    In addition, Stoddart is contractually obligated to pay Terwin Warehouse its reasonable attorneys' fees and costs associated with prosecuting this action.

47.    All conditions precedent to Terwin Warehouse's right to recover from Stoddart the amounts due and owing have been performed or have occurred.

WHEREFORE, Terwin Warehouse respectfully demands judgment in its favor and against Stoddart in an amount in excess of $956,034.63 plus attorneys' fees, costs, interest and such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
## TERWIN WAREHOUSE AGAINST WOODRUM

48.    Plaintiffs incorporate herein by reference the foregoing paragraphs of this Complaint as if fully set forth at length herein.

49.    Woodrum has materially breached the Woodrum Guaranty.

50.    As a result, Terwin Warehouse has suffered damages in an amount in excess of $956,034.63.

51.    In addition, Woodrum is contractually obligated to pay Terwin Warehouse its reasonable attorneys' fees and costs associated with prosecuting this action.

52.    All conditions precedent to Terwin Warehouse's right to recover from Woodrum the amounts due and owing have been performed or have occurred.

PHIL1 728018-2

WHEREFORE, Terwin Warehouse respectfully demands judgment in its favor and against Woodrum in an amount in excess of $956,034.63 plus attorneys' fees, costs, interest and such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
## TERWIN ADVISORS AGAINST SILVER STATE

53.    Plaintiffs incorporate herein by reference the foregoing paragraphs of this Complaint as if fully set forth at length herein.

54.    Silver State has materially breached the Terwin Advisors Purchase Agreement.

55.    As a result, Terwin Advisors has suffered damages in an amount in excess of $5,359,272.96.

56.    In addition, Silver State is contractually obligated to pay Terwin Advisors its reasonable attorneys' fees and costs associated with prosecuting this action.

57.    All conditions precedent to Terwin Advisors' right to recover from Silver State the amounts due and owing have been performed or have occurred.

WHEREFORE, Terwin Advisors respectfully demands judgment in its favor and against Silver State in an amount in excess of $5,359,272.96 plus attorneys' fees, costs, interest and such other and further relief as the Court deems just and proper.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

Jeffrey D. Kurtzman (JK 7689)
Matthew J. Borger (MB 7898)
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Tel.: 215-568-6060
Fax: 215-568-6603
Attorneys for Plaintiffs

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————

TERWIN ADVISORS LLC, and TERWIN
WAREHOUSE MANAGEMENT LLC, as Program
Administrator for and Assignee of
TERWIN MORTGAGE WAREHOUSE TRUST II,
SERIES LVIII,

              Plaintiffs,

     - against -

SILVER STATE FINANCIAL SERVICES, INC.,
MICHAEL STODDART, and LYNN WOODRUM,

              Defendants.

—————————————————————

07 Civ. 3647 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

    For the reasons stated on the record on July 30, 2007, the
plaintiffs are entitled to a default judgment.  The matter is
referred to the Magistrate Judge for an inquest on damages.

SO ORDERED.

Dated:    New York, New York
        July 30, 2007

                        John G. Koeltl
               United States District Judge

# EXHIBIT 3

# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
### ATTORNEYS AT LAW
SUITE 400
260 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19102-5003

----------

(215) 568-6060
FAX: (215) 568-6603
TAX ID# 23-1973697

NEW JERSEY OFFICE
SUITE 510
457 HADDONFIELD RD.
CHERRY HILL, NJ 08002-4808
-----
(856) 486-7900

DELAWARE OFFICE
MELLON BANK CENTER
SUITE 1000
919 MARKET STREET
WILMINGTON, DE 19801-3062
----
(302) 426-1189

The Winter Group and Terwin Equity Ventures LLC
45 Rockefeller Plaza
Suite 420
New York, NY  10111

Bill Date:  May 18, 2007
Bill Number:  185710

File No.:  13942-0005

Re:  **Purchase of Silver State**

---

## LEGAL SERVICES

Fees through April 30, 2007:

| Date | Atty | Hours |
|------|------|-------|
| 04/05/07 | JDK | 0.25 |
| 04/05/07 | JDK | 0.60 |
| 04/09/07 | MJB | 0.20 |
| 04/10/07 | MJB | 1.10 |
| 04/11/07 | MJB | 0.70 |
| 04/13/07 | MJB | 3.50 |
| 04/16/07 | MJB | 0.30 |
| 04/17/07 | MJB | 0.40 |
| 04/23/07 | JDK | 0.10 |
| 04/23/07 | MJB | 3.50 |

REDACTED

13942:  The Winter Group and Terwin Equity Ventures LLC
0005:  Purchase of Silver State

Bill Date:  May 18, 2007
Bill No.:  185710
Page 2 of 3

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 04/24/07 | MJB |  | 0.30 |
| 04/25/07 | MJB | REDACTED | 2.50 |
| 04/27/07 | MJB |  | 4.10 |
| 04/30/07 | MJB |  | 1.90 |

**TOTAL FEES**                                    **$5,911.00**

## LEGAL SERVICES SUMMARY

| Atty Initials | Attorney | Hours | Rate | Value |
|------|----------|-------|------|-------|
| JDK | Kurtzman, Jeffrey D. | 0.95 | 380.00 | 361.00 |
| MJB | Borger, Matthew J. | 18.50 | 300.00 | 5,550.00 |
|  | **Total Fees** | **19.45** |  | **$5,911.00** |

## REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES

| | |
|---|---|
| Conference Call Charges | $2.40 |
| Long Distance Telephone | $7.04 |
| **Total Disbursements** | **$9.44** |

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
SUITE 400
260 SOUTH BROAD STREET
PHILADELPHIA, PA 19102-5003

## TOTAL FEES AND DISBURSEMENTS                          $5,920.44

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

ATTORNEYS AT LAW
SUITE 400
260 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA  19102-5003

----------

(215) 568-6060
FAX:  (215) 568-6603
TAX ID# 23-1973697

NEW JERSEY OFFICE
SUITE 510
457 HADDONFIELD RD.
CHERRY HILL, NJ 08002-4808
----
(856) 486-7900

DELAWARE OFFICE
MELLON BANK CENTER
SUITE 1000
919 MARKET STREET
WILMINGTON, DE 19801-3062
----
(302) 426-1189

The Winter Group and Terwin Equity Ventures LLC
45 Rockefeller Plaza
Suite 420
New York, NY  10111

Bill Date:  June 21, 2007
Bill Number:  187361

File No.:  13942-0005

Re:  Purchase of Silver State

---

**LEGAL SERVICES**

Fees through May 31, 2007:

| Date | Atty | | Hours |
|------|------|---|-------|
| 05/01/07 | MJB | | 1.70 |
| 05/02/07 | MJB | | 1.20 |
| 05/03/07 | MJB | | 0.30 |
| 05/04/07 | MJB | | 1.70 |
| 05/07/07 | MJB | REDACTED | 0.50 |
| 05/11/07 | MJB | | 0.50 |
| 05/14/07 | MJB | | 0.20 |
| 05/16/07 | MJB | | 0.10 |
| 05/22/07 | MJB | | 0.20 |

13942:  The Winter Group and Terwin Equity Ventures LLC
0005:  Purchase of Silver State

Bill Date:  June 21, 2007
Bill No.:  187361
Page 2 of 2

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 05/29/07 | MJB | REDACTED | 0.10 |
| 05/31/07 | MJB | | 0.30 |

**TOTAL FEES**                                    **$2,040.00**

## LEGAL SERVICES SUMMARY

| Atty Initials | Attorney | Hours | Rate | Value |
|---------------|----------|-------|------|-------|
| MJB | Borger, Matthew J. | 6.80 | 300.00 | 2,040.00 |
| | **Total Fees** | **6.80** | | **$2,040.00** |

## REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES

| | |
|---|---|
| Computerized Research | $112.33 |
| Filing Fees | $350.00 |
| Long Distance Telephone | $14.57 |
| Photocopying | $17.50 |
| Serving Legal Papers | $235.00 |
| **Total Disbursements** | **$729.40** |

**TOTAL FEES AND DISBURSEMENTS**                 **$2,769.40**

## KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

ATTORNEYS AT LAW
SUITE 400
260 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19102-5003

----------

(215) 568-6060
FAX: (215) 568-6603
TAX ID# 23-1973697

NEW JERSEY OFFICE
SUITE 510
457 HADDONFIELD RD.
CHERRY HILL, NJ 08002-4808
-----
(856) 486-7900

DELAWARE OFFICE
MELLON BANK CENTER
SUITE 1000
919 MARKET STREET
WILMINGTON, DE 19801-3062
----
(302) 426-1189

The Winter Group and Terwin Equity Ventures LLC
45 Rockefeller Plaza
Suite 420
New York, NY  10111

Bill Date:  July 23, 2007
Bill Number:  189006

File No.:  13942-0005

Re:  **Purchase of Silver State**

---

## LEGAL SERVICES

Fees through June 30, 2007:

| Date | Atty | Hours |
|------|------|-------|
| 06/25/07 | MJB | 1.50 |
| 06/26/07 | MJB | 2.30 |
| 06/27/07 | MJB | 0.30 |
| 06/28/07 | MJB | 0.20 |
| 06/29/07 | MJB | 0.20 |

REDACTED

**TOTAL FEES**                                   **$1,350.00**

13942: The Winter Group and Terwin Equity Ventures LLC
0005: Purchase of Silver State

Bill Date: July 23, 2007
Bill No.: 189006
Page 2 of 2

## LEGAL SERVICES SUMMARY

| Atty Initials | Attorney | Hours | Rate | Value |
|---|---|---|---|---|
| MJB | Borger, Matthew J. | 4.50 | 300.00 | 1,350.00 |
| | **Total Fees** | **4.50** | | **$1,350.00** |

## REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES

| | |
|---|---|
| Computerized Research | $109.42 |
| Express Delivery | $58.79 |
| Long Distance Telephone | $9.66 |
| Photocopying | $42.25 |
| **Total Disbursements** | **$220.12** |
| **TOTAL FEES AND DISBURSEMENTS** | **$1,570.12** |