UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| TERWIN ADVISORS, LLC & TERWIN WAREHOUSE MANAGEMENT, LLC as Program Administrator for and Assignee of TERWIN MORTGAGE WAREHOUSE TRUST II, SERIES LVIII, | : : : | 07 Civ. 3647 (JGK) (AJP) |
| | : | **REPORT AND RECOMMENDATION** |
| Plaintiffs, | : | |
| -against- | : | |
| SILVER STATE FINANCIAL SERVICES, INC., MICHAEL STODDART & LYNN WOODRUM | : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable John G. Koeltl, United States District Judge:**

On July 30, 2007, Judge Koeltl entered a default judgment in favor of Terwin Advisors and Terwin Warehouse Management (collectively, "Terwin") against defendants Silver State Financial Services, Michael Stoddart and Lynn Woodrum, and referred the matter to me for an inquest as to damages. (See Dkt. No. 8: Default Judgment.)

For the reasons set forth below, the Court should enter a default judgment for plaintiff Terwin Warehouse against defendants Silver State, Michael Stoddart, and Lynn Woodrum for $1,019,567.59 (inclusive of attorneys' fees and interest to date) and for plaintiff Terwin Advisors against defendant Silver State for $4,476,442.30 (inclusive of attorneys' fees and interest to date).

2

## FACTS

Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

The complaint asserts that defendant Silver State was a Nevada corporation "in the business of, inter alia, originating and selling mortgage loans." (Dkt. No. 1: Compl. ¶ 6.) Plaintiff Terwin Advisors entered into a purchase agreement on March 1, 2004 with defendant Silver State in which Terwin Advisors agreed to purchase and Silver State agreed to sell and service certain mortgage loans. (Compl. ¶¶ 12-13; see Dkt. No. 11: Casey Aff. ¶ 10 & Ex. 4: Terwin Advisors-Silver State Agmt.) On October 12, 2006, plaintiff Terwin Warehouse also contracted with Silver State for the purchase and servicing of certain mortgage loans. (Compl. ¶ 14; Casey Aff. ¶ 4 & Ex. 1: Terwin Warehouse-Silver State Agmt.) Silver State's principals, defendants Stoddart and Woodrum, personally guaranteed Silver State's financial obligations under the Terwin Warehouse agreement. (Compl. ¶¶ 17-21; Casey Aff. ¶¶ 3, 8-9 & Exs. 2 & 3: Guarantees.) Pursuant to both the Terwin Advisors and Terwin Warehouse contracts, plaintiffs purchased a number of mortgage loans from Silver State from 2004 through 2006. (Compl. ¶¶ 13, 22.)

Silver State went out of business on February 14, 2007, constituting a material default under the Terwin Warehouse contract. (Compl. ¶¶ 23-24, 26; Casey Aff. ¶¶ 13-16.) Silver State

breached its contracts with Terwin by failing to repurchase certain "Early Payment Default" loans and refusing to compensate Terwin for loans subject to "Early Payment in Full," as agreed upon in the contracts.  (Compl. ¶¶ 29-30; Casey Aff. ¶¶ 20-28.)  Upon notice that Silver State went out of business, Terwin Warehouse acted in a "commercially reasonable manner" and "sold certain Silver State mortgages off of the warehouse line."  (Casey Aff. ¶¶ 32-33.)

Terwin Warehouse seeks damages for the difference between its purchase price and the selling price of these mortgages, plus 9% prejudgment interest and attorneys' fees.  (Casey Aff. ¶ 34 & Ex. 5.)  Terwin Advisors seeks damages for the "Early Payment Default" mortgages, the loss on loans it traded in its best business judgment, the loss on a liquidated loan, and payment for the mortgages paid in full under the Purchase Price Protection clause.  (Casey Aff. ¶¶ 40-55 & Ex. 6.)

Terwin Warehouse seeks damages of $956,034.63 (Compl. ¶¶ 40, 45, 50; Casey Aff. ¶¶ 37-39 & Ex. 5 p. 3), and Terwin Advisors seeks damages of $4,174,538.86 (Casey Aff. Ex. 6), plus attorneys' fees and prejudgment interest.

By Order dated July 31, 2007 (Dkt. No. 9: 7/31/07 Order), I directed Terwin to file inquest damage papers by August 14, 2007, which Terwin did (Dkt. Nos. 10-14), and directed defendants Silver State, Stoddart, and Woodrum to file opposition papers by August 28, 2007, which they did not.

## ANALYSIS

The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages

4

specified in the default judgment.'"  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping

Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d

38, 40 (2d Cir. 1989)).

        Gerald Casey, a principal with Terwin Holdings LLC, an affiliate of the Terwin

plaintiffs, submitted an affidavit and attached computer printouts demonstrating that Terwin

Advisors and Terwin Warehouse purchased mortgage loans from Silver State on which Silver State

did not fulfill its contractual obligations.  (Dkt. No. 11: Casey Aff. Exs. 5-6.)  Based on the losses

incurred from the necessary sale of the mortgages, Terwin Warehouse is entitled to the following

amounts (as reflected in Casey Aff. Ex. 5):

| Mortgage Sale Settlement Date | Net Losses Incurred | Days Since Sale[1] | Interest[2] |
|---|---|---|---|
| Feb. 22, 2007 | $ 41,154.67 | 232 | $ 2,354[3] |
| Feb. 26, 2007 | 481,043.30 | 228 | 27,036 |
| Mar. 2, 2007 | 393,931.24 | 224 | 21,751 |
| Mar. 6, 2007 | 31,334.57 | 220 | 1,699 |
| Mar. 21, 2007 | 8,570.85 | 205 | 433 |
| Total | $956,034.63 | | $53,273 |

---

[1]    Calculated as of 10/12/07.

[2]    Calculated at the New York statutory rate of 9% per annum.  See C.P.L.R. §§ 5001, 5004. The calculation is .09/365 times number of days times dollar amount.

[3]    Terwin calculates interest for this group of mortgages based on a loss of $121,866.26. However, Terwin recovered a security deposit of $80,711.59 towards this amount.  As Terwin does not specify the date the security deposit was recovered, interest is calculated herein based on only the net losses of $41,154.67.

Accordingly, Terwin Warehouse is entitled to judgment against Silver State for $1,009,307.63,

inclusive of interest through October 12, 2007.  As defendants Stoddart and Woodrum personally

guaranteed all of Silver State's financial obligations to Terwin Warehouse, Terwin Warehouse is also

entitled to judgment against defendants Stoddart and Woodrum for $1,009,307.63.

        Plaintiff Terwin Advisors is entitled to the following amounts based on Silver State's

contractual obligations (as reflected in Casey Aff. Ex. 6):

|  | **Amount Owed**[4/] | **Interest**[5/] |
|---|---|---|
| Early Payment Defaults | $2,898,447.19 | $42,154 |
| Make Whole Damages on Traded Loans | 1,497,959.23 | 21,786 |
| Make Whole Damages on Liquidated Loans | 5,751.92 | 84 |
| Total | $4,402,158.34 | $64,024 |

Accordingly, Terwin Advisors is entitled to judgment against Silver State for $4,466,182.92, inclusive

of interest through October 12, 2007.

        In addition, the contracts entitle Terwin to reasonable attorneys' fees.  (Compl. ¶¶ 41,

46, 51, 56; Casey Aff. ¶¶ 56-57 & Ex. 1 § 3.07, Ex. 4 § 8.01.)  The Court should award Terwin

---

[4/]    This amount includes interest as of 8/14/07, the date plaintiffs submitted their memorandum of law and evidence of damages.

[5/]    Calculated at the New York statutory interest rate of 9% per annum for the 59 days from 8/14/07 through 10/12/07.  See C.P.L.R. §§ 5001, 5004.

Advisors and Terwin Warehouse their requested attorneys' fees (and disbursements) incurred of $10,259.96.[6]  (See Dkt. No. 12: Borger Aff. Ex. 3; Casey Aff. ¶ 59.)

**CONCLUSION**

For the reasons set forth above, the Court should enter a default judgment for plaintiff Terwin Warehouse against defendants Silver State, Michael Stoddart and Lynn Woodrum for $1,019,567.59 (inclusive of attorneys' fees and interest to date) and for plaintiff Terwin Advisors against defendant Silver State for $4,476,442.30 (inclusive of attorneys' fees and interest to date), plus additional pejudgment interest at 9% interest per annum for the period from October 12, 2007 until judgment is entered.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable John G. Koeltl, 500 Pearl Street, Room 1030, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Koeltl (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v.

---

[6]    While this sum should be added to both judgments against Silver State, Terwin obviously is entitled to collect it only once.

H:\OPIN\TERWIN

Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan

v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert.

denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d

15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v.

Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

## SERVICE

Plaintiffs' counsel is to serve this order on defendants Silver State, Stoddart and

Woodrum and file proof of service with the Court.


Dated:        New York, New York
              October 12, 2007


                                        Respectfully submitted,


                                        _____
                                        Andrew J. Peck
                                        United States Magistrate Judge


Copies to:    Matthew J. Borger, Esq.
              Judge John G. Koeltl


H:\OPIN\TERWIN